IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN CHASE, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 19-1771-GBW |
| ROBERT MAY, Warden, and the ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM

**I.   INTRODUCTION**

Pending before the Court is a document titled "Motion for Hearing Objecting to Magistrate Report and Recommendation" filed by Petitioner DeShawn Chase ("Petitioner"). (D.I. 21) Given the timing of the Motion and the assertions contained therein, the Court construes the Motion to be a Rule 60(b)(6) Motion for Reconsideration of the denial of his habeas Petition. For the reasons discussed, the Court will dismiss the Motion.

**II.   BACKGROUND**

In 2017, a Delaware Superior Court jury convicted Petitioner of drug dealing, possession of a firearm during the commissions of a felony, aggravated possession of heroin, possession of a firearm by a person prohibited, possession of

ammunition for a firearm by a person prohibited, carrying a concealed weapon, and possession of a weapon in a safe school zone. (D.I. 18 at 3-4) Petitioner was sentenced as a habitual offender to an aggregate sentence of seventy-five years of Level V incarceration, suspended after fifty years and nine months, followed by decreasing levels of supervision. (D.I. 18 at 4-5) In 2019, Petitioner filed in this Court a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his Delaware state convictions. (D.I. 3) The Petition asserted six grounds for relief. On December 14, 2022, the Court denied the Petition after concluding that Claims One, Two, and Three were not cognizable on federal habeas review, and Claims Four, Five, and Six were procedurally barred from review. (D.I. 18)

On December 27, 2022, Petitioner filed a Motion for an Extension of Time to File Objections to a Magistrate Report and Recommendation. (D.I. 20) On January 19, 2023, Petitioner filed a Motion for Hearing Objecting to Magistrate Report and Recommendation (D.I. 21), which the Court has already construed to be a Rule 60(b)(6) Motion for Reconsideration of the Denial of his Petition. (D.I. 21) The construed Rule 60(b)(6) Motion challenges the Court's dismissal of Claim Four as procedurally barred.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach ... that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the

3

"extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur." *Id.* at 120.

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas petition, the court must first determine if the Rule 60(b) motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). In *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), the Supreme Court provided several examples of Rule 60(b) motions that were actually habeas claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6). *Id.* at 531.

4

Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV.   DISCUSSION

In Claim Four of his Petition, Petitioner alleged that defense counsel provided ineffective assistance ("IAC") during Petitioner's suppression hearing by arguing that the warrantless seizure and search of his person should be reviewed under the probable cause standard applicable to arrests rather than under the reasonable articulable suspicion standard applicable to *Terry* stops and pat down searches. (D.I. 18 at 20). The Court concluded that Petitioner procedurally defaulted Claim Four because he did not present the Claim's IAC argument to the Delaware Supreme Court on post-conviction appeal. Petitioner attempted to establish cause for his default under *Martinez v. Ryan*, 566 U.S. 1 (2012) by blaming post-conviction counsel for not raising the underlying IAC argument in his Rule 61 proceeding. The Court rejected Petitioner's attempt to establish cause under *Martinez* because the underlying IAC claim did not satisfy *Martinez*'s substantiality/"some merit" threshold. (D.I. 18 at 21)

5

In the instant Motion, Petitioner contends that the Court erred in rejecting his attempt to establish cause for his default of Claim Four, specifically arguing that the IAC argument in Claim Four satisfies *Martinez*'s substantiality/"some merit" requirement. Petitioner attempts to prove the Court's error by reasserting Claim Four's substantive IAC argument as to why he believes defense counsel should have contended that the proper standard of review for his suppression hearing was the reasonable articulable suspicion standard applicable to *Terry* stops and pat down searches rather than the probable cause standard applicable to arrests. This argument attacks Petitioner's underlying conviction and does not challenge the manner in which the earlier habeas judgment was procured. Thus, the instant Motion is not a true Rule 60(b) motion for reconsideration.

Instead, the instant Motion constitutes a second or successive habeas request for purposes of § 2244. Since there is no indication that the Third Circuit Court of Appeals authorized the filing of the pending Motion, the Court will dismiss the instant construed Rule 60(b)(6) Motion for lack of jurisdiction.[3] *See* Rule 4 of the

---

[3]Nothing in the instant Rule 60(b)(6) Motion comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Therefore, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit.

6

Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1). Additionally, the Court will dismiss as moot Petitioner's Motion for an Extension of Time to file the instant construed Rule 60(b)(6) Motion. (D.I. 20)

## V. CONCLUSION

For the aforementioned reasons, the Court will dismiss the instant construed Rule 60(b)(6) Motion for Reconsideration because it constitutes an unauthorized second or successive habeas request. The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated: August 14, 2023

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE